IRVING, P.J.,
dissenting:
¶ 69. The majority finds that Illinois Central should be granted a new trial because Dr. Long’s testimony that it is “quite possible” to manipulate and alter the event data recorder, without offering any evidence as to how that could be done, was extremely prejudicial, resulting in the jury allocating only 20% of fault to Sharon. I disagree. Therefore, I dissent. I would affirm the jury’s verdict.
¶ 70. A circuit court’s decision to deny a motion for a new trial is reviewed for abuse of discretion. Adcock v. Miss. Transp. Comm’n, 981 So.2d 942, 950 (¶ 33) (Miss.2008). “A new trial is warranted only if the verdict is contrary to the substantial weight of the evidence.” Id. at (¶ 34) (citing Johnson v. St. Dominics-Jackson Mem’l Hosp., 967 So.2d 20, 23 (¶ 10) (Miss.2007)).
¶ 71. The jury’s verdict apportioned 20% of fault to Sharon, 40% to Illinois Central, and 40% to Herndon. Illinois Central contends that there is no basis for the jury’s apportionment of fault to both Illinois Central and its employee, Herndon, given that Illinois Central was vicariously liable for any negligent acts committed by Herndon in the course and scope of his employment. However, it was Illinois Central’s own jury instruction that called upon the jury to apportion fault among Sharon, Herndon, and Illinois Central.[17] *1016 “It is a familiar rule of law that one may not complain of his own instruction.” Caston v. State, 823 So.2d 473, 508 (¶ 121) (Miss.2002) (quoting Hall v. State, 420 So.2d 1381, 1386 (Miss.1982)).
¶ 72. Illinois Central also argues, and apparently the majority agrees, that the jury should have assigned more blame for the accident to Sharon’s negligence. However, our supreme court has previously rejected the argument that the failure to assign more blame to the decedent warrants a new trial. Ill. Cent. R.R. v. White, 610 So.2d 308, 319 (Miss.1992). The White court found no basis for a new trial based solely on the railroad’s belief that the jury’s apportionment of fault to the decedent was too low, especially where the jury is “correctly and fully instructed on ... comparative negligence principles.” Id. Here, the jury was properly instructed regarding comparative negligence[18] and Sharon’s duty of care.[19] Applying the reasoning in White, it is my view that the majority errs in finding that the jury’s apportionment of fault to Sharon was unreasonable.
¶ 73. The majority correctly finds that it was the province of the jury to determine whether the train’s whistle was blown, despite the conflict between the data from the event data recorder indicate ing that the whistle was blown and the testimonies of several witnesses, without a stake in the case, stating that the horn was not sounded. On these facts, I cannot see how Dr. Long’s statement was so prejudicial. At best, it was harmless error. There is no evidence that Dr. Long’s statement influenced the testimonies of the independent witnesses.
¶ 74. The evidence does not support a finding that the jury was somehow inflamed by Dr. Long’s simple statement of belief regarding the event data recorder. Moreover, a motion for a new trial implicates the considerable discretion of the trial judge. The evidence does not support a finding that the trial judge abused that discretion.
¶ 75. For the reasons presented, I dissent. I would affirm the judgment of the circuit court.
LEE, C.J., CARLTON AND RUSSELL, JJ., JOIN THIS OPINION.

. Instruction D-20 reads, in pertinent part:
If you find by a preponderance of the evidence that both Young and one or more of the Defendants were guilty of negligence which proximately contributed to the accident, then your verdict should be in the following form:
"We, the juxy, find ... the causal negligence for the accident to be”
Sharon Young: _%
Fred Herndon: _%
*1016 Illinois Central: _%
(With the total percentages being 100%).
We, the jury, find the PIaintiff[s]’ total damages to be in the amount of $_”

. Instruction D-l 1 reads, in pertinent part: The Court instructs the jury that if you find that the Defendants were negligent and that such negligence, if any, contributed to the accident in question, and if you further find that Sharon Young’s negligence contributed to the accident in question, then the damages recoverable by the Plaintiffs must be reduced in proportion to the amount of Sharon Young’s negligence.

. Instruction D-22 reads, in pertinent part:
You are instructed that mentally impaired persons are required to exercise the same degree of care as un-impaired persons under the same circumstances.
You are instructed that if any impairment to Sharon Young prevented her from realizing that the train was approaching, and if you further find that a reasonably careful person without such impairments under the same circumstances would have taken steps to avoid the accident, you are instructed that Sharon Young was negligent.